**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICARDO JOSE CALDERON LOPEZ )<br>*DBA Starlight Consulting Services Corp.,* )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>PROFESSIONAL SERVICES )<br>CORPORATION, )<br> )<br> Defendant. ) | Civil Action No.  1:23-cv-00214 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of the purported *pro se* notice of removal, ECF No. 1, and motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, filed by Ricardo Jose Calderon Lopez d/b/a Starlight Consulting Services.  For the reasons explained below, the court will deny the motion for leave to proceed IFP and dismiss this action.

Plaintiff seeks to "remove" a civil case from the Superior Court for the District of Columbia to this court, but faces several insurmountable hurdles.  First, Plaintiff attempts to remove *Lopez v. Prof. Servs. Corp.*, Case No. 2020-CA-001366-B (D.C. Super. Ct. filed 2/26/2020), but there is no case to remove because that matter was dismissed for failure to prosecute over two and a half years ago, *see id*. at Feb. 28, 2020 Dkt. Entries.  Indeed, a civil case must be removed 30 days after the defendant receives notice of the case, rendering this attempted removal untimely.  *See* 28 U.S.C. § 1446(b)(1).

Second, "only a defendant may remove a case from a state court to federal court." *Wallace v. Saffa*, No. 06-402, 2007 WL 1020791, at *1 (D.D.C. Mar. 30, 2007) (citing 28 U.S.C. §§ 1441(a), 1446(a)).  "This proscription exists because the plaintiff having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only

on a defendant who has not submitted himself to the jurisdiction." *Id.* (quoting *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 106 (1941) (internal quotation marks omitted)). "The rationale [underlying this rule] is that the plaintiff who brings a federally cognizable action in state court was free to choose his forum and selected the state forum." *Id.* (citation omitted).

Third, Plaintiff seeks to proceed in this matter on behalf of a corporation. But a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–07 (1993); *see Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a development corporation which, as an artificial entity, cannot proceed IFP). Nor can plaintiff proceed, IFP or otherwise, on the corporation's behalf because he is not licensed counsel. *See* 28 U.S.C. § 1654; *see also see Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland*, 506 U.S. at 201–02) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *Am. Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) ("[A] corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*.") (internal quotation marks and citations omitted); *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (same); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) (same); *see also Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No. 19-cv-1121, 2020 WL 109056, at \*4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust").

Finally, in essence, Plaintiff has attempted to open a civil matter without filing an actual complaint, which he may not do.   *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]") (citing Fed. R. Civ. P. 3).

Consequently, for all of these reasons, the motion for leave to proceed IFP is denied, and this case is dismissed.  A separate order accompanies this memorandum opinion.


Date:   April 12, 2023


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge